# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN KOTLINSKI and JEAN KOTLINSKI, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF MUNDELEIN, MUNDELEIN POLICE OFFICERS ANTHONY RACIAK and RICHARD TUREK, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME Plaintiffs, Steven Kotlinski and Jean Kotlinski, by and through their attorneys, Smith, Johnson & Antholt, LLC, and complaining of the Defendants Village of Mundelein ("Village") and Mundelein police officers Anthony Raciak and Richard Turek, ("Defendant Officers").

### Introduction

1. Plaintiffs bring this action for excessive force and unlawful seizure against Defendants pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of their rights secured by the United States Constitution. Plaintiffs also bring pendant state law claims.

### Jurisdiction

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this jurisdictional district, and the events giving rise to the claims asserted occurred within this district.

## Parties

3. Plaintiffs, Jean and Steven Kotlinski, have been married for twenty-seven years, and together have two children. They reside in Lake County, Illinois.

4. Defendant Officers Anthony Raciak, and Richard Turek were, at the time of this occurrence, Village of Mundelein Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant Defendants Village of Mundelein ("Village") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants.

## Facts

6. On New Year's Eve 2010, Mr. and Mrs. Kotlinski attended New Year's Eve party along with their children, 22-year-old Craig and 20-year-old Corey, and a 22-year-old family friend. The family left the party at approximately 2:30 a.m.

7. Jean Kotlinski was acting as the designated driver for her family that night.

8. As she drove the family home, Mrs. Kotlinski noticed a police squad car tailgating her for about one mile. When the squad car's emergency lights were activated Mrs. Kotlinski promptly pulled to the side of the road.

9. Mrs. Kotlinski had not committed any moving violations and the Defendant Officers observed none.

10. Defendant Raciak approached the driver's side window of Plaintiffs' vehicle and asked Mrs. Kotlinski if she had been drinking.

11. After Mrs. Kotlinski explained that she was the designated driver, Defendant Officer Raciak told her to get out of the car and she complied.

12. Mrs. Kotlinski did not appear intoxicated, did not smell of alcohol, did not slur her speech, and did not stumble.

13. Nevertheless, Defendant Officer Raciak forced Mrs. Kotlinski, who was wearing only a light vest, to perform an extensive series of sobriety tests in the frigid January weather. The entire tests, and Mrs. Kotlinski's cooperation, are captured on the police car's video camera.

14. After roughly five minutes, Officer Raciak took Mrs. Kotlinski to the area in front of his police vehicle and approximately 20 feet behind her car.

15. At this point, Mr. Kotlinski could no longer see his wife and he exited the vehicle to check on her.

16. Defendants had not previously ordered Mr. Kotlinski to stay inside his vehicle.

17. Mr. Kotlinski stood in the doorway of the family car and did not take any steps away from the vehicle or towards the officers.

18. Immediately thereafter, Defendant Officer Turek rushed towards Mr. Kotlinski with his taser drawn repeatedly threatening to taser him.

19. Defendant Officer Raciak also drew his taser, and pointed the taser at Mr. Kotlinski.

20. Mr. Kotlinski responded by telling the officer that he had a heart condition. Mr. Kotlinski got back into the car without any physical contact with the officers.

21. After Officer Turek shut the door behind Mr. Kotlinski, Mr. Kotlinski fastened his seat belt and waited in the car for his wife to return.

22. Meanwhile, Defendant Officer Raciak had pushed Mrs. Kotlinski up against her car and handcuffed her.

23. Hearing the officer's repeated threats to her husband, Mrs. Kotlinski also told Defendant Officer Raciak, "he'll have a heart attack." Officer Raciak's response was to say, "he's gonna get tasered" despite the fact that Mr. Kotlinski was already back in the car as requested by the officers.

24. Defendant Officer Raciak placed Mrs. Kotlinski, who was completely sober and had done nothing wrong, in the back of his squad car.

25. Defendant Officer Raciak then approached the car where Mr. Kotlinski was sitting in the passenger seat.

26. Defendant Officer Raciak violently opened the car door and tried to forcefully pull Mr. Kotlinski out of his car. When Raciak was unsuccessful in initially pulling Mr. Kotlinski out of the car, Officer Raciak stepped back and fired his taser at Mr. Kotlinski.

27. Mr. Kotlinski had not had any opportunity to cooperate with the officer's demands and at no time prior to being tasered had Mr. Kotlinski touched the officer.

28. Already tasered once and now on the ground helpless, Defendant Officers proceeded to repeatedly fire their tasers into Mr. Kotlinski.

29. After tasering him, the Defendants Officers also repeatedly struck Mr. Kotlinski.

30. The Defendant Officers' actions using excessive and unjustifiable violence are captured on the video recording.

31. The Defendant Officers arrested Mr. Kotlinski and criminally charged him with two counts of aggravated battery that the Defendants knew that he did not commit.

32. The Defendant Officers required Mrs. Kotlinski to take a breathalyzer test which indicated that her blood alcohol level was 0.00%. Mrs. Kotlinski was not charged with any crime and did not receive any traffic citations.

33. On August 12, 2010 before a Lake County Court, Steven Kotlinski was found not guilty of any battery after a jury trial.

## Count I - 42 U.S.C. § 1983
## Fourth Amendment -Excessive Force

34. Each of the foregoing paragraphs is incorporated as if restated fully herein.

35. As described in the proceeding paragraphs, the conduct of the Defendant Officers, toward Plaintiff Steven Kotlinski acting under color of law, constitutes excessive force in violation of the United States Constitution.

36. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff Steven Kotlinski's constitutional rights.

37. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered injuries including pain and suffering.

## Count II – 42 U.S.C. § 1983
## Fourth Amendment - Illegal Seizure

38. Each of the foregoing paragraphs is incorporated as if restated fully herein.

39. As described in the proceeding paragraphs, the Defendant Officers seized Plaintiff Jean Kotlinski without reasonable suspicion or probably cause. Furthermore, Defendant Officers conducted her seizure in an unreasonable manner in violation of her Fourth Amendment rights.

40. As a result of the Defendant Officers' illegal seizure, Plaintiff suffered injuries

including emotional distress.

### Count III – 42 U.S.C. § 1983
### False Arrest

41. Each of the foregoing paragraphs is incorporated as if restated fully herein.

42. As described in the proceeding paragraphs, the Defendant Officers knowingly arrested Plaintiff Jean Kotlinski without probable cause in violation of Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

43. As a result of the Defendant Officers' conduct, Plaintiff suffered injuries including emotional distress.

### Count IV – 42 U.S.C. § 1983
### Failure to Intervene

44. Each of the foregoing paragraphs is incorporated as if restated fully herein.

45. During the Constitutional violations, one or more of the Defendant Officers stood by and watched without intervening to prevent the violations of Plaintiffs' rights. These Defendant Officers had a reasonable opportunity to prevent the harm, but chose not to do so.

46. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including pain and suffering.

### Count V – State Law Claim
### Malicious Prosecution

47. Each of the foregoing paragraphs is incorporated as if restated fully herein.

48. As described above, Defendant Officers willfully and wantonly initiated and continued criminal proceedings against Plaintiff Steven Kotlinski for battery without probable cause to believe that Plaintiff had committed that battery.

49. The criminal charges of battery against Plaintiff Steven Kotlinski were terminated

in his favor in a manner indicative of innocence.

50. As a result of the Defendant Officers' conduct, Plaintiff suffered injuries including emotional distress.

### Count VI – State Law Claim
### Battery

51. Each of the foregoing paragraphs is incorporated as if restated fully herein.

52. As described in the proceeding paragraphs, the Defendant Officers made offensive physical contact with Plaintiff Steven Kotlinski without his consent.

53. The Defendant Officers' actions were undertaken intentionally, willfully and wantonly, and with reckless indifference or conscious disregard for the safety of others.

54. As a result of the Defendant Officers' conduct, Plaintiff suffered injuries including pain and suffering.

### Count VII
### 745 ILCS 10/9-102 – Indemnification

55. Each of the foregoing paragraphs is incorporated as if restated fully herein.

56. Defendant Village of Mundelein is the employer of Defendant Officers Raciak and Turek.

57. Defendants Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Mundelein.

58. Should Defendants Officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant Village be found liable for any judgment against said Defendants, as well as attorneys fees and costs awarded.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages and because these Defendants acted maliciously, wantonly, or oppressively, punitive damages against the Defendants Officers in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,


    /s/ Christopher R. Smith
Attorneys for Plaintiff


Christopher R. Smith
Robert W. Johnson
Amanda Antholt
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400